PORTO RICO BENEVOLENT SOCIETY, PLAINTIFF AND APPELLEE, *v.* MUNICIPALITY OF PONCE ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action to Recover Possession.

No. 2081.—Decided July 29, 1920.

PLEADING—DENIAL—ADMISSION.—The rules of pleading are intended to prevent evasion and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth; and whenever the defendant fails to make such denial he admits the averments.

ID.—INJUNCTION—POSSESSION — LESSEE — REVERSION — ABANDONMENT — PUBLIC USE.—The plaintiff having leased the property which it now seeks to recover and which the Commissioner of Sanitation seized on November 26, 1918, for reasons of public health and occupied until January 28, 1919, when the defendant took possession after the property had been abandoned by the Sanitation Department, it is necessary to conclude that the plaintiff, by its lessee and by reversion due to such abandonment, held possession of the property until January 28, 1919; therefore the judgment granting the injunction is not erroneous.

ID.—APPEAL.—It is familiar law that an appellant can not assume on appeal an attitude inconsistent with the position taken below.

ID.—Admissions contained in an answer supply any defect found in the complaint.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellants.

*Messrs. J. Tous Soto* and *A. Ortiz Toro* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The facts found and the conclusion reached below are as follows:

"1. That the plaintiff is an association whose purpose is not pecuniary gain, organized under the laws of Porto Rico and capable of suing and being sued; (2) that by virtue of a grant made by the municipality of Ponce the said association, up to January 28, 1919, actually possessed a lot situated in the city of Ponce, bounded on the south by Villa Street, which it faces; on the east by the continuation of the street called '25 de Enero'; on the north by lots belonging to the municipality, and on the west by the street denominated 'Industrial' and containing a frame house used for

the purposes of a school called 'Industrial School of Canas,' and two tenement houses used for a like purpose; (3) that said lot and buildings were leased by the plaintiff to the Ponce School Board for use as public schools and were used as such until about the twenty-sixth day of November, 1918, when by reason of the spread of the disease known as the influenza the Department of Sanitation took possession of the said buildings for use as a hospital; (4) that when the said buildings were vacated by the Department of Sanitation, namely, on or about the 28th day of January, 1919, the mayor of Ponce, Rafael Rivera Esbri, contending that the plaintiff had forfeited the grant of the lot made to it by the municipality and that the buildings under the terms of the grant were vested in and became the property of the city, seized the said lot and buildings and installed in the latter a hospital for the treatment of indigent patients, all contrary to the volition of the plaintiff and of the Ponce School Board. It is also shown that since the seizure of the before-described property by the mayor of Ponce, the same has been used as a hospital for indigent patients of the municipality and that the mayor has made repairs and improvements in the said buildings amounting to over $2,000, including labor and material. Pursuant to the provisions of Act No. 43 of March, 1913, mentioned above, and based on sections 443, 446, 448 and 462 of the Civil Code and the doctrine of the Supreme Court of Porto Rico in the cases of *Mattei* v. *Badillo,* 21 P. R. R. 159, and *Serrano* v. *Succession of Santos,* 24 P. R. R. 163, the court is of the opinion that it ought to render a judgment herein declaring that the law and the facts are in favor of the plaintiff, Porto Rico Benevolent Society, and against the defendants, the municipality of Ponce and Rafael Rivera Esbri, mayor, and in consequence that it should, as it hereby does, order that the plaintiff be restored in its possession of the lot and buildings which are the subject of this controversy and which will be hereinafter described; directing, as it hereby does direct, that an injunction issue against the defendants, Municipality of Ponce and Rafael Rivera Esbri, its mayor, their employees and agents, enjoining them from interfering hereafter with the plaintiff, the Porto Rico Benevolent Society, in its possession of the real property which is described as follows: A lot situated in the city of Ponce and facing Villa Street on the south, bounded on the east by the continuation of the street known as '25 de Enero'; on the north by lots belonging to the municipality and on the west by Industrial Street, con-

taining a frame building used for the purposes of a school called 'Industrial School of Canas' and two tenement houses destined to the same purpose.—The said defendants are warned that their failure to comply with this injunction will constitute contempt of court. Any rights the defendants may have in connection with the repairs to and improvement of the property are reserved to them to the end that they may exercise or enforce the same in the proper manner and form. The foregoing carries with it the imposition of the costs upon the defendants.''

Counsel for appellant, after filing a brief, withdrew from the case and another attorney appeared, presenting an additional brief.

In the first brief error is assigned as follows:

''The District Court of Ponce erred in finding (second finding) that the association Porto Rico Benevolent Society possessed the lot and buildings in question up to the 28th day of January, 1919, which is the date on which the Municipality of Ponce seized the same.

''The District Court of Ponce erred in holding that by taking possession of the lot and buildings in question the mayor of Ponce, on January 28, 1919, interfered by such seizure with the possession of the plaintiff association, the Porto Rico Benevolent Society, directing as a consequence that said association be restored in its possession.''

The second brief contains no specific assignments, but suggests that the complaint did not state facts sufficient to constitute a cause of action and that the judgment is not supported by the evidence.

Under the first assignment appellant seeks to show that the Department of Health having taken possession of the buildings in question on November 26, 1918, plaintiff lost possession on that date, and appellant having entered into possession of the hospital immediately upon its being vacated by the insular health authorities on January 28, such occupancy by the municipality was a mere continuation of the possession held by the Insular Government; that this appears not only from the evidence but from the complaint

itself, which alleged, among other things, that when the said building was vacated by the Department of Health on or about January 28, 1919, the mayor of Ponce, Rafael Rivera Esbri, alleging that the plaintiff had lost the benefit of the grant made to it by the municipality and that the buildings, under the terms of the grant, should revert to and become the property of the municipality, entered into possession of the said lot and buildings and installed therein a hospital for the treatment of indigent patients, against the wishes of the plaintiff and of the Ponce School Board.

The argument under the second assignment is a repetition of that under the first with slight variations. The contention is that the Department of Health, under section 4 of the law of March 9, 1911 (Compiled Statutes, § 967), had a perfect right to take over the property in question; that the tenancy so acquired carried with it the right to possession and was exclusive of any possession, either actual or constructive, in the plaintiff society, and that the restorative interdict is available only where the fact of possession, as distinguished from the right to possession, is involved.

The sworn complaint alleges that the plaintiff is the owner and until January 28, 1919, was in possession of the property described in the complaint.

In reply to this averment the answer says:

"We specifically deny the second clause of the complaint and further allege in opposition thereto that both the lot in question as well as the buildings appurtenant thereto belong and did belong to the defendant, Municipality of Ponce, since many years past and specifically contend that the plaintiff has never had any right to the ownership nor has ever been the owner of the lot in question and that the defendant is the owner of the buildings attached to said lot and has been for many years."

It is hardly necessary to say that the adverb "specifically" does not convert into a specific denial what is plainly not such a denial.

"If several material facts are stated conjunctively in a verified complaint, an answer which undertakes to deny these averments, as a whole, conjunctively stated, is evasive, and an admission of the allegation thus attempted to be denied. The rules of pleading, under our system, are intended to prevent evasion, and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth; and whenever the defendant fails to make such denial he admits the averments." Pomeroy, p. 220, § 437.

Moreover, the complaint further alleges that this lot and buildings were leased by the plaintiff to the School Board of Ponce for use as public schools and that they were so used until the Department of Health, by reason of the epidemic of influenza, took possession thereof on or about November 26, 1918, for the purpose of using them as a hospital.

The answer expressly admits the fact of the lease to the school board and the taking over by the health authorities on the date mentioned, but denies that the plaintiff had any right to enter into such agreement of lease and alleges ownership in the municipality. The fact is therefore that the school board held as lessee of plaintiff, and as the possession of the lessee is the possession of the lessor, it follows that plaintiff was in possession until ousted by the Department of Health.

Section 4 of an act to provide Porto Rico with a law on sanitation, approved March 9, 1911, speaking of the Director of Sanitation provides:

"He shall have the power to order the removal to such places as may be determined by the Insular Board of Health, of all persons suffering from contagious or infectious diseases or from any other ailment of rapid propagation in such manner as may be prescribed until danger of contagion is removed. He shall have the immediate direction and supervision of hospitals for the treatment of cases subject to quarantine, and shall have the right to turn into provisional hospitals, such houses and buildings as may be needed, the question of paying a reasonable indemnity to the owner of the prop-

erty not to be an obstacle to his purpose, said indemnity to be determined in the manner in such cases made and provided in the law.''

Such statutes are strictly construed and no greater interest is permitted to vest than has been expressly authorized or may be necessary to the contemplated public use. *Neitzel* v. *Spokane International Railway Company,* 36 L. R. A. (N. S.) 522.

Obviously the law above mentioned authorizes only a temporary occupancy as an emergency measure. Only the existence of such an emergency could either justify the taking or prevent the immediate return of the property to the owner in a proceeding of this kind. The seizure is a ''provisional'' makeshift to meet a momentary need. Whatever right, estate, easement or interest is acquired by virtue of such use ceases when the emergency is past; the property reverts to the owner, and the director of sanitation, should he then decline to vacate, would become a mere trespasser. Had he, in such circumstances, turned the property over to the municipality, which he did not do, we fail to perceive how he could have given the municipality any better standing than he himself enjoyed.

In *Porter* v. *International Bridge Company,* 21 Am. & Eng. Ann. Cases, 684, the court said:

''The original owners gave an easement to the city. The city has abandoned that easement and turned the property over to third parties. When the easement was thus effectually abandoned, the rights of the original owners became precisely what they were prior to the dedication. They or their successors in title could thereafter deal with it as owners in fee simple absolute and they were damaged by the gratuitous occupation of the premises by the bridge and railroad company. They seek in effect by means of this action to put an end to the continuing trespass unless the trespassers will acquire their title at a fair price.''

See also note to *Bell* v. *Mattoon Water Works Co.,* 19 Ann. Cases, 155; *Markham* v. *Brown,* 92 Am. Dec. 73; *Jessop* v. *Loucks,* 55 Pa. 350; *Marietta Chair Company* v. *Henderson,* 121 Ga. 399.

But the municipality did not merely step into the shoes of the insular health authorities. The mayor, without even the pretence of any statutory authority and after closure of the provisional hospital, simply seized the buildings vacated and abandoned by the Department of Health. The municipality had no more right nor power to do this in the manner in which it was done than any practicing physician in need of a private sanatorium in which to care for his patients would have had. In the circumstances we are not disposed to split hairs about nice distinctions between possession and the right to possession in proceedings of the kind resorted to by the plaintiff herein.

The theory of the additional brief as to the alleged want of facts is that the complaint does not allege ratification or approval by the municipal council of the action taken by the *alcalde* and that such action thus appears to be *ultra vires.* This argument is not very consistent with the contention made in the same brief that the *alcalde* acted on behalf of the municipality, seeking to enforce a forfeiture of the original concession from the municipality to the plaintiff, and that the plaintiff is estopped by deed to deny the alleged right of the municipality. The contention is also inconsistent with the attitude of the appellant in regard to other matters, unnecessary to mention, elsewhere discussed in the same brief. It is likewise contrary to the theory of the defense as set forth in the answer and to the theory upon which the case was tried below. It is familiar law that an appellant cannot assume on appeal an attitude inconsistent with the position taken below. It will suffice to say that the municipality appeared and defended the suit as brought, and

that admissions contained in the answer supplied whatever defects were to be found in the complaint in this regard.

The argument as to the sufficiency of the evidence, in so far as not disposed of by what we have said already, involves a discussion of the alleged forfeiture of the original concession above mentioned, thus going to the validity of the title under which plaintiff claims, and does not demand serious consideration in a proceeding of this kind.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.